# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| KFORCE INC., | Civil No. 09-2446 (JRT/JJG) |
| Plaintiff, | |
| v. | **CONSENT DECREE AND STIPULATED ORDER** |
| JASON BERGLUND AND JEREMY PHILLIPS, | |
| Defendants. | |

_____

Bryan Smith and Jacqueline Kalk, **LITTLER MENDELSON, PC,** 80 South Eighth Street, Suite 1300, Minneapolis, MN 55402, for plaintiff.

This matter is before the Court on the stipulation filed by the parties on October 8, 2009 [Docket No. 24]. The parties to this Proposed Consent Decree and Stipulated Order (hereinafter "Decree") are Plaintiff, Kforce Inc., ("Kforce" or "Plaintiff"), and Defendants, Jason Berglund ("Berglund") and Jeremy Phillips ("Phillips") (collectively "Defendants"). Plaintiff and Defendants (collectively the "Parties"), stipulate as follows:

1.  Kforce brought this action pursuant to Minnesota and Federal law (Case No. 0:09-cv-02446), alleging that Defendants breached contractual and legal obligations relating to their Employment Agreements with Kforce and that Defendants engaged in misappropriation of trade secrets, breaches of their respective duties of loyalty, and improperly accessing information on its computers. Kforce also brought claims for a constructive trust and injunctive

relief, and sought injunctive relief, monetary damages, costs, disbursements and reasonable attorney fees.

2. Defendants have asserted several defenses to Kforce's claims, alleging that their agreements are not enforceable, that they did have copies of them or know what they said, that one or both of them asked Kforce several times for a copy but Kforce did not give copies to them or inform them of its concerns, that they properly and in good faith accessed Kforce's computers and confidential information as part of their Kforce jobs and for use on behalf of Kforce, that Kforce did not take any steps to address its concerns before it filed the legal action, that, immediately upon learning of Kforce's concerns, they offered to return to Kforce and voluntarily did return to Kforce (and voluntarily offered to destroy, upon Kforce's request) any Kforce property or confidential information in their possession, that they had not disclosed any of Kforce property or confidential information to their new employer or used them on behalf of their new employer, and that they have not violated Kforce's alleged non-solicitation covenants.

3. The parties have agreed to resolve this matter without proceeding to trial, and hereby stipulate and consent to the entry of this Decree as final and binding between the Parties and their successors and assigns. The Parties agree that it is in their mutual interest to resolve this matter fully without the expense and delay of further litigation.

4. The Decree resolves all matters related to Case No. 0:09-cv-02446, now pending in this Court. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing, approved by all Parties to this Consent Decree and approved or ordered by the Court.

5. Therefore, in consideration of the mutual promises and agreements in this Decree, the sufficiency of which is hereby acknowledged, the Parties agree as follows, and the Court finds appropriate, and it is therefore **ORDERED, ADJUDGED AND DECREED** that:

a. **Restrictions Regarding Competition and Company Customers.**

1. Each Defendant agrees, promises, and represents, and the Court hereby Orders, that for one (1) year from the date of this Consent Decree, he will not, directly or indirectly, solicit or accept business that is competitive with Kforce on behalf of a competitor from any client to whom he actively provided or actively marketed services, while employed by Kforce, nor will he for such period directly or indirectly attempt to divert or assist others to divert any such clients' business from Kforce to a competitor.

2. Each Defendant further agrees, promises, and represents, and the Court hereby Orders, that for one (1) year from the date of this Consent Decree, he will not, directly or indirectly, solicit, recruit, hire or place on assignment on behalf of a competitor any staffing candidate, applicant, temporary employee or consultant that he placed or for whom placement was actively sought while employed by Kforce, nor will he directly or indirectly attempt to divert or assist others to divert such candidates, applicants, temporary employees and consultants from Kforce to a competitor.

**b. Return and Deletion of Kforce Trade Secrets and Other Confidential Information.**

1.  Each Defendant agrees, promises, and represents, and the Court hereby orders, that, to the extent he has not already done so, he shall within 14 days of the date of this Order return to Kforce all physical copies of Kforce trade secrets and other confidential information, as well as physical copies of any other tangible and intangible property of Kforce, in his possession, custody, or control. As used herein, the term "trade secrets and other confidential information" shall include, without limitation: (a) client or prospective client lists and client or prospective client contact information (including but not limited to business cards, contact persons, and hiring managers): (b) client job openings and job orders and client pricing information; (c) actual or prospective applicant, employment candidate, employee or consultant lists; (d) actual or prospective applicant, employment candidate, employee or consultant qualifications, contact information, and resumes; (e) actual or prospective applicant, employment candidate, employee or consultant compensation and benefits; and (f) other client, applicant, employment candidate, employee or consultant data or information.

2.  Each Defendant further agrees, promises, and represents, and the Court hereby orders, that he shall within 14 days of the date of this Order permanently delete all electronic data, in whatever format or stage medium, representing expressions of Kforce trade secrets and other

confidential information (as defined above), in his possession, custody, or control.

   3. Each Defendant further agrees, promises, and represents, and the Court hereby Orders, that he is permanently enjoined from the use, disclosure, taking, downloading, and publishing of any of Kforce's trade secrets or other confidential information, as defined above, for any reason whatsoever.

c. **Attorneys' Fees and Costs**.

Each Defendant agrees to individually pay a portion of Kforce's costs and attorneys' fees associated with this action in the amount of $1000.

6. **Binding Effect of Consent Decree**. This Decree is final and binding upon Kforce and its successors and assigns, as well as upon Defendants and their successors and assigns (as applicable).

7. **Enforcement and Jurisdiction**. No party shall contest the right of any party to bring an enforcement action, including but not limited to an injunction, upon breach of any term of this Decree by the other party. Nothing in this Decree shall be construed to preclude Kforce from enforcing this Decree in the event that either Defendant fails to perform the promises and representations contained herein and/or to fully abide by and adhere to the restrictions specified herein. However, before instituting an action to enforce this Decree, Kforce agrees to provide the Defendant(s) with written notice of its allegation(s), and one week to explain to Kforce and/or cure the alleged violation(s). The Court shall retain

jurisdiction over any proceeding concerning the Consent Decree for a period of twelve (12) months from the date of the Decree. At the conclusion of that period, the case shall be dismissed.

8. The parties accept this document as the final judgment of this case.

DATED: October 13, 2009
at Minneapolis, Minnesota.

                                                      s/John R. Tunheim
                                          JOHN R. TUNHEIM
                                     United States District Judge